| 89 | 453 |
| 127 | 275 |

In the Matter of the Application of the NEW YORK AND WEST SHORE RAILROAD COMPANY to Acquire Title to Lands of ELIZABETH WALSH et al.

In proceedings by a railroad corporation to acquire title to lands under the water of the Hudson river which had been granted by the State to the owners of the uplands, the petition contained an offer on the part of

the company to construct a draw-bridge to give access from the river to the docks of the land-owners. . After an order had been made and appealed from appointing commissioners, on application of the company an order was granted giving it leave to withdraw the offer and to amend the petition accordingly. *Held,* that the court had no power to so amend the petition; that no such power was given by the provision of the General Railroad Act (§ 20, chap. 140, Laws of 1850), which authorizes the correction of "any defect or informality."

*Matter N. Y. & W. S. R. R. Co.* (27 Hun, 57), reversed.

(Argued June 13, 1882 ; decided June 30, 1882.)

APPEAL from order of the General Term of the Supreme Court, made May 8, 1882, which affirmed two orders of Special Term, one of which appointed commissioners to ascertain and appraise the compensation to be paid certain land-owners for lands proposed to be taken by the New York, West Shore and Buffalo Railroad Company, for the purposes of its incorporation. The other allowed an amendment of the petition upon which the proceedings were instituted, by striking out a clause in and by which the company agreed, in the construction of its roadway, to construct a draw-bridge by which free and unobstructed access could be given to the docks of the land-owners from the Hudson river. (Reported below, 27 Hun, 57.)

The lands proposed to be taken lie under the waters of the said river in front of docks erected by the owners of the uplands, and had been granted by the State to said owners.

*E. A. Brewster, Wm. W. Badger* and *G. Tillotson* for appellants. The draw-bridge being a matter of right, it was error in the court below to allow the petition to be amended after appeal by striking out the provisions in regard to it. (*Jolly* v. *T. H. Bridge Co.,* 6 McLean, 242 ; *Silliman* v. *Hudson River Bridge Co.,* 4 Blatchf. 395 ; id. 76.)

*C. F. Brown* for respondent. The court had power to amend the petition by striking from it the allegation in reference to a draw-bridge. (Laws of 1850, chap. 40, § 20 ; *T. & B. R. R. Co.* v. *N. O. Tpke. Co.,* 16 Barb. 104 ; *People* v. *D. & H. C. R. R. Co.,* 58 N. Y. 152.)

*Per Curiam.* The decision of this court *In re N. Y. C. & H. R. R. R. Co.* (77 N. Y. 248) disposes of all the questions raised upon this appeal adversely to the appellants, except the point urged that the court had no power to allow the railroad company to amend the petition by striking out the allegation in regard to a draw-bridge after the order appointing commissioners had been made and appealed from.

In regard to this question we think the Special Term erred in allowing the amendment. The proceedings are statutory, in derogation of the common law, and hence the statute should be substantially followed. The petition which was served, and upon which the order was granted, contained an offer of a draw-bridge, and without this, for any thing which appears, the application may have been refused by the court. Being the foundation of all the subsequent proceedings, and the owner of the land having a right to file an answer to the same, the alteration in regard to this allegation was of a vital character, and the granting or withholding of the draw-bridge, and cutting off the right of the riparian owner from the river or from furnishing access to the same, may have made a material difference. As it stands, no opportunity has been furnished to answer the same, and the appellant has been deprived of a right by means of the order granting the amendment. Such being the case, the court exceeded its power in making the order.

The claim that the court had power to amend the petition under section 20 of chapter 140 of the Laws of 1850 has no force, and that provision is limited to " any defect or informality " and does not embrace an entire change of the ground upon which the application is founded, and that too after an appeal has been taken, and the Special Term has passed upon its merits.

For the reason stated, the order of the General Term should be reversed, and as the petitioner does not seek to maintain its right to take the land upon the original application, the proceedings should be dismissed, with costs.

All concur; Earl, J., in result.

Judgment accordingly.