In the Matter of the Petition of the METROPOLITAN TRANSIT COMPANY OF THE CITY OF NEW YORK to Acquire Title to Lands, etc.

*Construction of a railway in the city of New York* — 1872, *chap.* 833, *as amended by chapter* 636 *of* 1881 — *petition to determine the compensation to be made to the city — power of the court to permit amendments to be made — to allow separate proceedings to be instituted to determine the compensation to be made for real estate to be taken. and the compensation to be made to the city for the use of its streets.*

In September, 1875, the petitioner, incorporated and authorized by chapter 833 of 1872, as amended by chapter 636 of 1881, to construct a railway in the city of New York, filed a petition alleging that it sought to acquire all those pieces or parcels of land situated in that city, owned by the mayor, aldermen and commonalty of the city of New York, which constituted the streets and portions of the avenues therein, which were included in the routes and branches of the company, as finally adopted and completed. Thereafter an order was made granting an application made in behalf of other companies and individuals to be made parties to the proceeding, upon the ground that they had interests which might be affected adversely by the construction of the petitioner's railway.

Subsequently and in April, 1887, the petitioner was allowed to amend the petition so as to make it allege that the sole object of the application was to ascertain, in

accordance with the petitioner's charter, the compensation which was to be made to the mayor, aldermen and commonalty of the city of New York in relation to the construction and operation of its railroad, in and over the streets and avenues therein, which were included in its route and branches as finally adopted, and that it did not seek to acquire any title in, or to the land included within such streets or avenues, or the interest of any persons or corporations therein, or any interest in real estate.

Upon an appeal taken by the companies and individuals made parties to the proceedings, from this order:

*Held,* that it should be affirmed.

That authority to permit the amendment to be made was conferred upon the court by section 22 of 2 Revised Statutes (6th ed.), 526.

*Matter of New York and West Shore Railroad Company* (89 N. Y., 453) distinguished.

That the act under which the petitioner was incorporated contemplated two objects for which compensation should be made:

*First.* For the real estate, etc., required by it in the construction and operation of its road or necessary depots, etc., and,

*Second.* For the authority to construct and operate its railways along any street, avenue or public place in the city of New York, for the use and occupancy of which compensation was to be made to the city only.

That, while the statute did not expressly provide that these two objects might be acquired in separate proceedings, it does not forbid the court from permitting that course to be taken.

APPEAL from an order entered herein on the 13th day of April, 1887, granting leave to the petitioner to amend the original and supplemental petitions of the petitioner herein.

The Metropolitan Transit Company is organized under a special act of the legislature of the State of New York (chap. 833, Laws of 1872, as amended by chapter 636, Laws of 1881). The first petition of the Metropolitan Transit Company herein, verified in September, 1875, prayed that an order might be made by this court for the appointment of commissioners of appraisal "to ascertain and appraise the compensation to be made to the owners or persons interested in the real estate proposed to be taken by your petitioner in the county of New York for the purpose of the petitioner's railroad, according to the provisions of an act of the legislature of this State, entitled 'An act to authorize the formation of railroad corporations and to regulate the same,' passed April 2, 1850, and the various acts amendatory of the same, and of the special act of 1872," under which this corporation claims existence and authority for the present proceeding. In 1881 the act of 1872

was amended.   In March, 1886, a new or supplemental petition was prepared, the nineteenth subdivision whereof is as follows :

" *Nineteenth.*  Your petitioner further alleges that the real estate, property, rights, franchises and interests which your petitioner now seeks to acquire are all those certain pieces or parcels of land situated in the said city and county, now owned by the mayor, aldermen and commonalty of the city of New York, who reside in said city and county, which constitute the streets and portions of the avenues therein which are included in the routes and branches. of said company as finally adopted and completed by the said board of engineers, as shown by said surveys, maps and plans of said routes, filed by them in the office of the state engineer and surveyor in the city of Albany aforesaid, being the several routes which are hereinbefore mentioned and which are required for the construction and operation of an elevated railroad and of the tunnel by your petitioner in such streets and avenues respectively."

The petition prays that the application heretofore made by the petitioner to this court may be amended so that the new petition may be considered as a supplemental petition to said first petition, and may authorize the commissioners of appraisal to be appointed. thereunder " to ascertain and appraise the compensation to be made to the said mayor, aldermen and commonalty of the city of New York for the streets in said county which are desired for the purposes of your petitioner aforesaid, as the same have been finally designated by the said board of engineers in the surveys and maps for its route as finally adopted and completed by them, and as filed in the office of the state engineer and surveyor in the city of Albany, being those which are hereinabove mentioned, according to the provisions of an act of the legislature of the State of New York, entitled 'An act to authorize the formation of railroad corporations and to regulate the same,' passed April 2, 1850, and the various acts amendatory of the same, and of chapter 833 of the Laws of 1872, and of chapter 636 of the Laws of 1881."

*Elihu Root, Samuel B. Clark, Jos. S. Auerbach* and *Julien T. Davies,* for the appellants.

*George W. Wingate* and *John Clinton Gray,* for the respondents.

DANIELS, J.:

The petitioner was incorporated by chapter 833 of the Laws of 1872 to construct a railway in the city of New York. The act was amended by chapter 636 of the Laws of 1881, but, in no essential respect, affecting this proceeding. While it was pending, applications were made in behalf of other companies and individuals to be made parties to the proceeding, they appearing to have interests which would, probably, be affected adversely by the construction of the petitioner's railway. These applications were denied, but on appeal to the General Term, the denial was considered to have been erroneously made, and the orders were reversed. And the proceedings on such applications, as well as of an additional application made by the petitioner to amend its petitions, were remitted to the Special Term for the action of that court upon them. By the amendments or changes in the petitions which the petitioner sought liberty to make, it was proposed to restrict the proceeding to the right to obtain the use of the streets through, under, or above which the railway would be constructed, from the city of New York, and to adjust the compensation which should be paid to the city for this right or privilege. The parties appealing. and who were allowed to be made parties to the proceeding by the determination of the General Term, objected to this change in the petitions for the reason that it was considered on their part that they might be injuriously affected by the proposed changes. But the court deeming the objections not to be well founded directed the petitions to be amended in the manner provided for by the order. The important and controlling change which was allowed to be made was by substituting a new paragraph in place of paragraph nineteen contained in one of the petitions. The other changes were less important, being dependent upon this, and having for their object, the adaptation of other parts of the petitions to this changed condition.

As the petition existed at the time when the order was made, the statements of the nineteenth paragraph were, that: " Your petitioner further alleges that the real estate, property, rights, franchises and interests which your petitioner now seeks to acquire, are all those certain pieces or parcels of land situated in the said city and° county now owned by the mayor, aldermen and commonalty of the city of New York, who reside in said

city and county, which constitute the streets and portions of the avenues therein which are included in the routes and branches of said company, as finally adopted and completed by the said board of engineers as shown by said surveys, maps and plans of said routes filled by them in the office of the State engineer and surveyor of the city of Albany aforesaid, being the several routes which are hereinabove mentioned and which are required for the construction and operation of an elevated railroad and of the tunnel, by your petitioner in such streets and avenues, respectively." And the order permitted the petitioner to substitute for it the paragraph.

"That the sole object of this application is to ascertain, in accordance with the petitioner's charter, the compensation which is to be made to the mayor, aldermen and commonalty of the city of New York in relation to the construction and operation of its railroads in and over the streets and avenues of the city of New York, which are included in the route and branches of said company, as finally adopted and completed by the said board of engineers, as shown by said surveys and maps of said route and branches, filed by them in the office of the State engineer and surveyor in the city of Albany aforesaid, being the several routes which are hereinabove mentioned and which are required for the construction and operation of an elevated railroad by your petitioner in such streets and avenues, respectively, and that it does not seek to acquire any title in or to the land included within such streets or avenues or the interest of any person or corpor ions therein, or any interest in real estate." It will be seen by a comparison of this paragraph with that contained in the petition, for which it was to be substituted, that it was not so fundamental or radical as to change the object or scope of the proceeding, or add another subject-matter to it. A prominent design disclosed by the original paragraph was to obtain the use of the streets, and a determination of the compensation to be made for such use.

The amendment or substitute emphasized that object by wholly restricting the design to the acquirement of these results from the city only. The order for this reason did not exceed the authority conferred by the act made applicable to this company and authorizing amendments in the proceeding. By that authority the Court was invested with the power to amend any defect, or informality,

in any of the special proceedings authorized to obtain property, rights, interest, or privileges required for the construction and operation of a railway. (2 R. S. [6th ed.], 526, § 22.) The case, *Matter of the New York and West Shore Railroad Company* (89 N. Y., 453), has been urged upon the court as not in harmony with this construction of the statute. But that decision proceeded upon a substantial change in the petition legally detrimental to the owner of the land intended to be acquired. and it was made after commissioners had been appointed to appraise the value of the property and the owner had served an answer to the petition. The proceeding had progressed to that point upon a valuable and important concession contained in the petition, which the court then held could not be stricken from it, to the injury and prejudice of the owner of the land. In these respects the case differs from that which now is before the court. No answer has been made to the petition, no commissioners have been appointed, and no concession or statement is proposed to be changed which may affect any right or interest whatever of either of the contesting parties. It is true that the application came at a very late day, and might have been well denied because of the laches of the petitioner. But as the case has been kept along for years in the manner in which it was presented to the court, by the consent of the counsel for the city, who does not now object to the order, the court evidently deemed this objection to be deprived of very much of its force by that circumstance. And it cannot be held, as the facts were made to appear, that it discriminated in this respect unjustly against the parties opposing the application.

Neither will the proceeding itself have that effect, for in the adjustment of the compensation to be made to the city no order or decision can be made which will in any manner affect the rights or privileges of either of the persons or companies intending to oppose the petitioner's proceedings. Before it can move in the construction of its road it will still, under the authorities relating to this subject, be obliged to acquire all the interests and rights of adjacent or conflicting owners. and to make such compensation to them as they shall appear under the evidence to be entitled to receive. By the proceeding against the city alone to acquire the right or privilege of using the streets, no encroachment whatever

will be made upon those of adjacent owners or others having paramount rights, privileges, or franchises in such streets. These will remain wholly unaffected and undisturbed until the petitioner shall institute some other proceeding, or extend that which is now pending, so far as to include the inquiry into those rights and privileges, and the appraisement of the compensation to be made to the parties owning them, before they shall be deprived of them by the action of the petitioner.

The other amendments allowed to be made to the petition are not specially important. They consist in a substitution for the statement that the petitioner has not been able to acquire the title to the property rights and franchises described, the statement that it has not been able to agree upon the amount to be paid to the mayor, etc., or to pay it the sum required to be paid under the petitioner's charter. And for the descriptive words of the real estate, property rights, franchises and interests to be acquired, and for all the pieces or parcels of land mentioned in connection therewith, inserting, that the company seeks to ascertain the amount to be paid to the mayor, etc., for the construction and operation of its railroads. The residue of the amendments or changes allowed to be made are to conform the title to this particular object, and the affirmances of the petition to the promotion of that design. In other words, the full scope and extent of the amendments are to present the case as one for the appointment of commissioners to determine the amount that shall be paid to the city for the use of its streets, so far as that use may be required and appropriated in the construction and operation of the petitioner's railroad. And while the statute which has been made applicable to the proceedings of the company does not expressly provide for this sole pursuit through the instrumentality of the petitioner, it has not forbidden the power of the court to permit that course to be taken. The act under which the petitioner was incorporated contemplates two important objects for which compensation shall be made, one for the real estate, property, rights, franchises and interests required by it for the construction and operation of its roads, or necessary depots, platforms, stairways, turnouts, switches, connections or approaches; and the other is the authority to construct and operate its railways along any street, avenue or public place in the city of New York, and for which compensation

is to be made alone to the city, for such use and occupancy and the amount of which is to be determined in the same manner as damages to private property. (Chap. 833, Laws 1872, § 5.) And these several objects may as well be acquired under two petitions or separate proceedings, as to be comprehended and included in one. What the court has done is to permit a separation which is to include an investigation in which the city itself may be interested, and exclude from it for the present all such further investigations as may relate to the other proprietary interests mentioned in the act, and which will become necessary for the acquisition of the company before it can proceed with the erection or construction of its railway.

The order from which the appeal has been taken may well be objected to as not having been so explicit in the preservation of the rights or interests of the other contestants as it should be. It should contain a clear and ample declaration that the proceedings upon and under the amended petition shall in no manner prejudice, or affect any other rights, interests or privileges, than those of the mayor, etc., in the streets intended to be used by the petitioner in the construction of its railroad. And that it shall not be assumed that any right or liberty to construct the petitioner's railway shall be acquired against any or either of the other claimants, or persons or companies interested in the streets, or property to be used, than the the mayor etc., of the city of New York. And as so modified the order should be affirmed, without costs of the appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order modified as directed in opinion and affirmed as modified, without costs.